UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MARIE CARPENTER, | No. 2:22-cv-0294 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's erred by finding that plaintiff did not have a severe mental impairment, by failing to adequately consider plaintiff's obesity, and by rejecting plaintiff's testimony.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 10.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In March of 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 15, 2015. (Transcript ("Tr.") at 19, 191-97.) Plaintiff's alleged impairments included chronic nerve pain, anxiety, depression, phlebitis, varicose veins, blood clots, leg swelling, obesity, and anemia. (Id. at 208.) Plaintiff's application was denied initially, (id. at 105-09), and upon reconsideration. (Id. at 114-18.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 12, 2020. (Id. at 36-74.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 36-44.) In a decision issued on February 3, 2021, the ALJ found that plaintiff was not disabled. (Id. at 31.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2019.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her amended onset date of March 23, 2016, through her date last insured of December 31, 2019 (20 CFR 404.1571 *et seq.*).[3]
>
> 3. Through the date last insured, the claimant had the following severe impairments: cervical degenerative disc disease with radiculopathy; right elbow tendinitis and radial nerve neuropathy; venous insufficiency of the lower extremities; obesity; and anemia secondary to gastric bypass surgery ( (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

////

---

[3] Plaintiff amended the alleged onset of disability date at the November 12, 2020 hearing. (Tr. at 42.)

    5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: She can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, or walk 6 hours in an 8-hour workday and would need to have a sit/stand option such that s/he could sit or stand at will but would not need to leave the workstation or be off task. She can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch or crawl. She can frequently handle bilaterally. She should avoid concentrated exposure to vibration, and avoid all exposure to workplace hazards such as unprotected heights.

    6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

    7. The claimant was born [in] 1966 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

    8. The claimant has at least a high school education (20 CFR 404.1564).

    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

    11. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 23, 2016, the alleged onset date, through December 31, 2019, the date last insured (20 CFR 404.1520(g)).

(Id. at 21-31.)

On December 16, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's February 3, 2021 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 15, 2022. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial

evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

4

**APPLICATION**

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's erred at step two by finding that plaintiff did not have a severe mental impairment; (2) the ALJ failed to adequately consider plaintiff's obesity; and (3) the ALJ's treatment of the plaintiff's testimony constituted error. (Pl.'s MSJ (ECF No. 15) at 11-16.[4])

**I.     Step Two Error**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding that plaintiff did not suffer a severe mental impairment. (Id. at 11-12.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, the ALJ opined that plaintiff's "medically determinable mental impairments of depression and anxiety did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore nonsevere." (Tr. at 23.) The record establishes, however, that plaintiff was diagnosed as suffering from an anxiety disorder and was treated with medications such as Zoloft, Celexa, and Wellbutrin, which the ALJ acknowledged. (Id. at 23, 530-32.) Plaintiff also testified to suffering symptoms from anxiety and depression. (Id. at 55-56); see generally Burnett v. Raytheon Co. Short Term Disability Basic Ben. Plan, 784 F.Supp.2d 1170, 1184 (C.D. Cal. 2011) ("the unique nature of psychiatric disabilities . . . often involve subjective complaints").

Moreover, when the ALJ determines the presence of a mental impairment at step two of the sequential evaluation 20 C.F.R. § 404.1520a "requires those reviewing an application for disability to follow a special psychiatric review technique." Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011).

> Under the special-technique regulation, if the ALJ determines that a mental impairment exists, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." [20 C.F.R.] § 404.1520a(b)(1). The ALJ must also document "a specific finding

6

> as to the degree of limitation in each of" the four areas of functional limitation listed in § 404.1520a(c)(3). Id. § 404.1520a(e)(4). In the first three areas of functional limitations—(a) activities of daily living, (b) social functioning, and (c) concentration, persistence, or pace—the ALJ must rate the degree of limitation using "the following five-point scale: None, mild, moderate, marked, and extreme." Id. § 404.1520a(c)(4). The ALJ must rate the fourth functional area—(d) episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more." Id. Next, the ALJ must determine if the mental impairment is severe, and if so, whether it qualifies as a listed impairment. Id. § 404.1520a(d). If the mental impairment is severe but is not a listed impairment, the ALJ must assess the claimant's RFC in light of how the impairment constrains the claimant's work abilities. See id. § 404.1520a(d)(3). The regulation specifically provides that the ALJ must document all of the special technique's steps. Id. § 404.1520a(e)(4).

Patterson v. Commissioner of Social Security Administration, 846 F.3d 656, 659 (4th Cir. 2017).

Here, the ALJ conducted the special psychiatric review technique and found that plaintiff only had a mild limitation with respect to each area of functional limitation. (Tr. at 23-24.) However, in addition to the evidence discussed above, the record also included evidence that plaintiff was regularly administered the PHQ-9 and Generalized Anxiety Disorder Assessment ("GAD-7") tests.[5] Those tests repeatedly found plaintiff to be suffering from moderate, moderately severe, or severe anxiety and/or depression. (Id. at 298, 305, 312, 319-20, 376, 383.) There is no dispute that the ALJ failed to discuss this evidence at step two of the sequential evaluation leaving the Court unable to review the ALJ's findings as it pertains to this evidence. See generally Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012) (ALJ must explain "analysis of the evidence with enough detail and clarity to permit meaningful review").

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. On this record, the court cannot say that it is clearly established by the medical evidence that plaintiff lacks a medically severe mental impairment. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011)

---

[5] The PHQ-9 and GAD-7 tests are self-administered diagnostic tests that measure the severity of depression and anxiety. See Buechner v. Saul, 20-cv-379-wmc, 2021 WL 457610, at *1-2 (W.D. Wis. Feb. 9, 2021).

1   ("This is not the total absence of objective evidence of severe medical impairment that would

2   permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the

3   medical record paints an incomplete picture of Webb's overall health during the relevant period,

4   it includes evidence of problems sufficient to pass the de minimis threshold of step two.");

5   Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must

6   determine whether the ALJ had substantial evidence to find that the medical evidence clearly

7   established that Ms. Russell did not have a medically severe impairment or combination of

8   impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a

9   finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of

10  establishing disability.").

11          Accordingly, the Court finds that plaintiff is entitled to summary judgment as to the claim

12  that the ALJ erred at step two of the sequential evaluation.

13  **II.     Obesity**

14          Plaintiff next argues that ALJ erred by failing to adequately evaluate plaintiff's obesity.

15  (Pl.'s MSJ (ECF No. 15) at 12-13.) The ALJ must consider a claimant's obesity at steps two

16  through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, the

17  ALJ must also consider obesity in combination with the individual's other impairments. Id.

18  Social Security Rule ("SSR") 02-1p directs that "[the ALJ] will not make assumptions about the

19  severity or functional effects of obesity combined with other impairments." Id. Instead, "[the

20  ALJ] will evaluate each case based on the information in the case record." Id.; see also Celaya v.

21  Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) ("The ALJ was responsible for determining the effect

22  of Celaya's obesity upon her other impairments, and its effect on her ability to work and general

23  health, given the presence of those impairments.").

24          Here, at step two of the sequential evaluation the ALJ acknowledged that plaintiff had "a

25  history of obesity," and found that plaintiff's "obesity is a severe impairment." (Tr. at 22.) The

26  ALJ then simply concluded the analysis of plaintiff's obesity by asserting that plaintiff's "weight,

27  including the impact on her ability to ambulate as well as her other body systems, has been

28  ////

considered within the limitations of the claimant's residual functional capacity" as described in the opinion.  (Id.)

The ALJ's vague and conclusory sentence—which is devoid of any citation to evidence in support—is the extent of the ALJ's discussion of plaintiff's obesity.  Such analysis is insufficient and erroneous.  See Celaya, 332 F.3d at 1182 ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments."); see also Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011) ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40.  We repeat our earlier reminder that an applicant's disabilities must be considered in the aggregate."); Bacom v. Colvin, No. 2:12-cv-0790 AC, 2013 WL 5372865, at *4 (E.D. Cal. Sept. 25, 2013) ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.")

In this regard, an "ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review."  Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. . . .  This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings."); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").

For the reasons stated above, the Court finds that the ALJ failed to properly consider plaintiff's obesity throughout the sequential evaluation and that plaintiff, therefore, is also entitled to summary judgment on this claim.

////

////

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[6] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that "[g]iven the errors at multiple steps of the sequential evaluation process . . . additional proceedings are required[.]"  (Pl.'s MSJ (ECF No. 15) at 16.)  The Court agrees.

////

---

[6] Having already identified errors requiring remand the Court finds it unnecessary to reach plaintiff's remaining claim of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 7, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\carpenter0294.ord